# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1805 | **DATE** | 11/15/2010 |
| **CASE TITLE** | Gulley vs. Blitt & Gaines, PC, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff Victor Gulley's petition to reopen case [24] is denied.

■ [ For further details see text below.]                                    Docketing to mail notices.

## STATEMENT

On March 22, 2010, plaintiff Victor Gulley filed a complaint pro se against defendants Blitt & Gaines, PC ("B & G"), Citi Cards and Citicorp Credit Services, Inc. (collectively, "Citi"). Gulley's four-count complaint alleged that B & G and Citi violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). On April 14, 2010, Citi filed a motion to dismiss Gulley's complaint. One day later, B & G filed its own motion to dismiss.

On June 15, 2010, the Court granted both motions to dismiss with prejudice and entered judgment pursuant to FED. R. CIV. P. 58. With respect to B & G, the Court found that "Gulley failed to allege anything that would support a claim against [B & G]." June 15, 2010 Order at 2. The Court went on to state that, "[t]he complaint does not in any way implicate a violation of either the FDCPA or the FCRA on [the part of B & G]." Id.

As to Citi, the Court dismissed Gulley's FDCPA claims because "[Citi] is not a business whose primary purpose is to collect debts . . . ." Id. Accordingly, the Court found that Citi "is not a debt collector as defined by the statute and [therefore] is not subject to the FDCPA." Id. The Court then held that Gulley's § 1681s-(b) FCRA claims must be dismissed because, as alleged in his complaint, he "did not communicate directly with the credit reporting agencies" as is necessary to state a claim under the statute. Id. The Court also found that Gulley's § 1681s-(a) claims failed because no private right of action exists for violation of that section. Id. Finally, the Court noted that a federal court was not the proper forum for Gulley's action, which was essentially an attack on a state court judgment. Id.

On November 8, 2010, almost five months after the Court entered judgment against Gulley, Gulley filed a "petition to reopen the case." Although the petition is not brought pursuant to any rule of civil procedure, the Court will treat it as a Rule 60(b) motion because the petition was filed more than ten days after the entry of judgment. See FED R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment.").

Rule 60(b) provides relief in those instances where a final judgment has been entered and it would be

| STATEMENT |
|---|

unjust to allow that judgment to stand. "As a general rule, relief from a judgment under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances." Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc., 570 F.3d 845, 848 (7th Cir. 2009) (quotations omitted); see also Mintel Int'l Group v. Neerghen, No. 08-CV-3939, 2009 WL 249227, at *4 (N.D. Ill. Feb. 3, 2009) (citations omitted) ("Motions for reconsideration cannot be used to 'rehash' previously denied arguments, or introduce new evidence or legal theories that could have been presented earlier.").

  Gulley's petition broadly realleges that B & G and Citi engaged in actions that violated the FDCPA and FCRA. Gulley, however, does not argue that the Court's June 15, 2010 Order was erroneous. See U.S. Fid. & Guar. Co. v. John Buck Co., No. 00-CV-2460, 2001 WL 1298708, *1 (N.D. Ill. Oct. 24, 2001) ("Motions for reconsideration serve a limited function of correcting manifest errors of law or fact . . . ."). In fact, Gulley makes no reference to the Order at all and fails to cite any caselaw suggesting that his allegations were sufficient to state a claim under the FDCPA or FCRA. Moreover, to the extent that Gulley's petition raises any new allegations, he fails to explain why such allegations could not have been presented earlier. See Mintel, 2009 WL 249227, at *4. As a result, Gulley's petition must be denied. See Bakery Mach., 570 F.3d at 848; U.S. Fid. & Guar. Co., 2001 WL 1298708, at *1. IT IS SO ORDERED.