# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1805 | **DATE** | 6/13/2011 |
| **CASE TITLE** | Gulley vs. Blitt and Gaines, P.C. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to vacate [28] pursuant to Rule 60(b) is denied.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

  Before the court is Plaintiff Victor Gulley's ("Gulley") second Rule 60(b) motion in this case. For the following reasons, the motion is denied.

  Gulley, a *pro se* plaintiff, sued Defendants Citibank (South Dakota), N.A. ("Citibank") and the law firm of Blitt & Gaines, P.C. ("B&G") in March 2010, alleging violations of the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. This court dismissed Gulley's complaint with prejudice June 15, 2010, for failure to state a claim against either Defendant. On November 8, 2010, Gulley asked the court to reopen the case, which the court treated as a Rule 60(b) motion to alter or amend judgment. The court denied the motion because Gulley rehashed old arguments, did not argue the court's June 15, 2010 order was erroneous, and to the extent he made new arguments he did not explain why they were not made before.

  Gulley's latest Rule 60(b) motion, filed May 12, 2011, raises new allegations and attempts to explain past failures. A court may vacate a judgment for several reasons, including, possibly relevant here, the following: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Such a motion must be made "within a reasonable time," and for reasons (1) and (2) "no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1). Gulley's motion met the one-year deadline.

  Rule 60(b) provides its extraordinary remedy only in the exceptional circumstance where a final judgment, if allowed to stand, would be unjust. See Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc., 570 F.3d 845, 848 (7th Cir. 2009). Rule 60(b) motions are not for rehashing previously denied arguments, Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988), or for introducing new evidence or legal theories that could have been presented earlier, Caisse Nationale de Credit Agricole v. CBI Indus., 90 F.3d 1264, 1269 (7th Cir. 1996). In his 60(b) motion, Gulley asks the court to vacate its June 15, 2010 order dismissing his case with prejudice. Both Citibank and B&G oppose the motion. Gulley sets forth several allegations.

## STATEMENT

First, he states he was "misadvised by the Pro Se Help Desk in the Federal Building." But Gulley never says what the bad advice was. The court takes notice that, in any case, the Pro Se Help Desk informs litigants that it does not offer legal advice. This is not a Rule 60(b) ground to vacate. Second, Gulley states that he "omitted from his complaint his civil rights violations under rule 42 U.S.C. § 1983 against all Defendants." Gulley never explains the reason for the omission or, for that matter, the alleged violations. Nor is it clear on what theory Gulley could pursue § 1983 claims against these private actors. This ground is inadequate for Rule 60(b) relief.

Gulley also levels accusations at this court, stating that he "feels he has been prejudiced by the court for no just reason." But Gulley fails to specify the prejudice he claims he has suffered. He also alleges that "because he is poor and cannot afford proper representation his case was dismissed." Gulley is wrong; the court's June 15, 2010 order makes clear that Gulley's case was dismissed for failure to state a claim against either Defendant. The court notes that Gulley calls his earlier Rule 60(b) motion of November 8, 2010, "a mistake [that] should have never been filed." Yet Gulley does not ask this court to vacate its ruling on that motion. None of these are grounds for Rule 60(b) relief.

Gulley's other allegations are frivolous, not cognizable, or a reprise of previous allegations and arguments, and the court will not consider them. See Ammons v. Cook Cnty, No. 10-2199, 2011 WL 1585845, at *1 (7th Cir. Apr. 08, 2011) ("A motion, nominally presented under Rule 60(b), that just recapitulates arguments already presented, is properly rejected summarily."). For the foregoing reasons, Gulley's 60(b) motion to alter or amend judgment is denied.

IT IS SO ORDERED.